UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FERAS ABUALROB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-cv-0817 |
| | ) | Judge Trauger/Brown |
| SYNOVUS MORTGAGE CORPORATION, | ) | **Jury Demand** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

To:  The Honorable Aleta A. Trauger, United States District Judge

REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned **RECOMMENDS** that the defendants'

motions to dismiss the federal claims against them (Docket Entry No. 36, 44) be **GRANTED**,

that the plaintiff's federal claims be **DISMISSED WITH PREJUDICE**, and that the plaintiff's

state law claims filed in federal court pursuant to 28 U.S.C. § 1367 be **DISMISSED WITHOUT**

**PREJUDICE** in order that the plaintiff may bring his claims in the appropriate state court.

I.    INTRODUCTION AND BACKGROUND

The plaintiff is a resident of Williamson County, Tennessee.  (Docket Entry No. 1, p. 3)

He is a co-owner of the real property located at 8218 Frontier Lane, Brentwood, Tennessee

37027.  (Docket Entry No. 1, p. 4; 8-2, p. 1)  The plaintiff filed this action on August 9, 2012.

(Docket Entry No. 1)  The plaintiff is seeking relief for a number of different claims.  (Docket

Entry No. 1) The federal claims are: 1) violations of the Truth in Lending Act (TILA), 15 U.S.C

§ 1601, *et.seq.*; 2) rescission, 15 U.S.C. § 1635; and 3) violations of the Real Estate Settlement

Procedure Act (RESPA), 12 U.S.C. § 2601 *et.seq*.  (Docket Entry No. 1, pp. 26-28)  The state

law claims are: 1) lack of standing to foreclose; 2) fraud in the concealment; 3) fraud in the

inducement; 4) intentional infliction of emotional distress; 5) slander of title; and 6) quiet title. (Docket Entry No. 1, pp. 14, 18-19, 21-22, 24) Defendants Federal Home Loan Mortgage Corporation (Freddie Mac) and Mortgage Electronic Registration Systems (MERS) filed an answer on October 1, 2012. (Docket Entry No. 35) Defendant Synovus Mortgage Corporation (Synovus) has not filed an answer, instead it filed a motion to dismiss. (Docket Entry No. 36)

On August 14, 2012, the plaintiff filed a motion, supporting memorandum, and accompanying affidavit for a temporary restraining order (TRO) seeking to stop foreclosure on his home discussed above *supra* at 1. (Docket Entry No. 8) The plaintiff filed an amended motion for a TRO on August 16, 2012. (Docket Entry No. 11) The foreclosure sale was set to take place on August 22, 2012. (Docket Entry No. 11) On August 21, 2012, the motion and amended motion for a TRO were withdrawn, and the foreclosure sale was postponed until September 27, 2012. (Docket Entry No. 18) In the interim, the plaintiff was ordered to make loan payments to the court clerk. (Docket Entry No. 18) Failure to make the payments would permit the defendants to proceed with the foreclosure sale scheduled for September 27, 2012. (Docket Entry No. 18)

On August 31, 2012, the plaintiff's attorney filed his first motion to withdraw, and the motion was denied on September 4, 2012. (Docket Entry No. 21-22) The plaintiff's attorney filed a second motion to withdraw on September 18, 2012, and the motion was granted on September 24, 2012. (Docket Entry No. 27, 30) The plaintiff was given thirty (30) days to secure new counsel or file notice with the court that he would be representing himself. (Docket Entry No. 30) On October 12, 2012, the plaintiff noticed the court that he would be representing himself. (Docket Entry No. 41)

The plaintiff's claims allege that the defendants' actions caused the plaintiff to enter into an illegal loan transaction, which the plaintiff believes violated the several statutes listed *supra* at

1. (Docket Entry No. 1, p. 6)  The plaintiff further alleges that he should have never been qualified for the loan but that due to the practices of some of the defendants he was given a loan that he would not otherwise be qualified to receive.  (Docket Entry No. 1, p. 6)

The case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for case management, decisions on all nondispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72, Fed. R. Civ. P.  (Docket Entry No. 5)

Synovus filed a motion and supporting memorandum to dismiss on October 1, 2012. (Docket Entry No. 36-37)  The plaintiff responded to the motion on October 17, 2012.  (Docket Entry No. 42)  Synovus replied to the plaintiff's response on November 14, 2012.  (Docket Entry No. 52)  Freddie Mac and MERS filed a motion to dismiss and supporting memorandum on October 29, 2012.  (Docket Entry No. 44-45)  Freddie Mac and MERS also filed a corrected memorandum in support of their motion on March 22, 2013.  (Docket Entry No. 59)  The plaintiff has not filed a response to Freddie Mac's and MERS's motion to dismiss, nor has he sought an extension to do so.  Synovus's, Freddie Mac's and MERS's (the defendants) motions to dismiss are properly before the court.

## II.    ANALYSIS

A.  Standard for Decision – 12(b)(6) and 12(c) motion

Synovus has filed a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P.  (Docket Entry No. 36)  Freddie Mac and MERS have also filed a motion to dismiss pursuant to 12(b)(6), Fed. R. Civ. P. (Docket Entry No. 44)  However, Freddie Mac and MERS's motion to dismiss was filed after their answer.  (Docket Entry No. 35, 45)  The Sixth Circuit has treated 12(b)(6) motions filed after an answer as 12(c) motions for judgment on the pleadings.  *See Fowler v. Thomas Nelson Publ'g*, No. 08-12572, 2009 WL 612385 at *4 (E.D. Mich. Mar. 6, 2009)(citing

*Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir. 1987); *Joseph v. Patterson,* 795

F.2d 549, 562 n. 1 (6th Cir. 1986)).  Thus, the Magistrate Judge will treat Freddie Mac and

MERS's motion as a 12(c) motion for judgment on the pleadings.

The legal standard for a 12(b)(6) motion to dismiss and a 12(c) motion for judgment on the

pleadings are the same.  *See Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914,

925 (N.D. Ohio 2009).  When deciding these motions, a court must view the complaint in the

light most favorable to the plaintiff and take all well-pleaded factual allegations as true.  *Tackett*

*v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).  The Supreme Court

previously set forth the following standard as it pertains to 12(b)(6) motions to dismiss:

> To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to "state a claim to
> relief that is plausible on its face."  A claim has facial plausibility
> when the plaintiff pleads factual content that allows the court to
> draw the reasonable inference that the defendant is liable for the
> misconduct alleged.  The plausibility standard is not akin to a
> "probability requirement," but it asks for more than a sheer
> possibility that a defendant has acted unlawfully.  Where a
> complaint pleads facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line between possibility
> and plausibility of 'entitlement to relief.'"
>
> Two working principles underlie our decision in *Twombly.*  First,
> the tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of a cause of action,
> supported by mere conclusory statements, do not suffice.
> (Although for the purposes of a motion to dismiss we must take
> all of the factual allegations in the complaint as true, we "are not
> bound to accept as true a legal conclusion couched as a factual
> allegation.")  Rule 8 marks a notable and generous departure
> from the hyper-technical, code-pleading regime of a prior era, but
> it does not unlock the doors of discovery for a plaintiff armed
> with nothing more than conclusions. Second, only a complaint
> that states a plausible claim for relief survives a motion to
> dismiss.  Determining whether a complaint states a plausible
> claim for relief will, as the Court of Appeals observed, be a
> context-specific task that requires the reviewing court to draw on

> its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

B.  Plaintiff's TILA Claims, 15 U.S.C. § 1601 *et.seq.*

The defendants argue that the plaintiff's TILA claims are barred by the one-year statute of limitations.  (Docket Entry No. 37, p. 9; 59, pp. 18-19)  The defendants further argue that any violations that occurred took place on October 18, 2007, at which time the defendants believe the statute of limitations began to run.  (Docket Entry No. 37, p. 10; 59, p. 19)  The defendants assert that instead of bringing the claims within a one-year period, the plaintiff waited until August 9, 2012, which the defendants assert is almost five years after the transaction took place.  (Docket Entry No. 37, p. 10; 59, p. 19)  For these reasons, the defendants assert that the plaintiff's TILA claims are barred.  (Docket Entry No. 37, p. 10; 59, p. 19)

The plaintiff stated the following in his complaint, as it pertains to the statute of limitations:  "Any and all statute[s] of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, et.seq. were tolled due to Defendants' failure to effectively provide the required disclosures and notices."  (Docket Entry No. 1, p. 26)  The plaintiff did not respond to this argument in his response to Synovus's motion to dismiss.

A plaintiff must bring his TILA claim within one year of the alleged TILA violation, or the claim will be barred and the plaintiff no longer allowed to assert it.  *Girgis v. Countrywide*

*Home Loans, Inc.*, 733 F. Supp. 2d 835, 844 (N.D. Ohio 2010). This statute of limitations does not contemplate any continuing violations, but the plaintiff's claim may be equitably tolled for extraordinary circumstances. *Id.* In determining whether to apply equitable tolling, the following standards have been applied, the substance of which is quoted:

> In order to prove equitable tolling, a plaintiff must show "not only that he exercised due diligence to discover his cause of action prior to the running of the statute, but also that the Defendant was guilty of some affirmative act of fraudulent concealment which frustrated discovery notwithstanding such diligence." The following five factors are used to determine whether equitable tolling is appropriate: "1) lack of notice of the filing requirement; 2) lack of constructive notice of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." Also, "in order to establish equitable tolling by the doctrine of fraudulent concealment, [plaintiffs] must allege and establish that 1) defendants concealed the conduct that constitutes the cause of action; 2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitations period; and 3) until discovery, plaintiffs exercised due diligence in trying to find out about the cause of action."

*Trimm v. Fifth Third Mortgage Co.*, No. 3:10CV1602, 2010 WL 3515596 at *3 (N.D. Ohio Sept. 3, 2010). If the plaintiff is unable to show that his circumstance is so extraordinary that it justifies a departure from the rule, then the statute of limitations will not be tolled and the plaintiff will be barred from asserting his claim. *See Ford v. New Century Mortgage Corp.*, 797 F. Supp. 2d 862, 868-69 (N.D. Ohio 2011).

The statute of limitations began to run on October 18, 2007, and equitable tolling does not apply to this case. October 18, 2007 is presumed to be the date that the TILA violation occurred because it is the date that the plaintiff entered into the loan transaction with the defendants, so any failures to make the required disclosures would have occurred at that time. Furthermore, even if the court found that the defendants committed an affirmative act to

fraudulently conceal the TILA violations and that the other above factors were present for the purpose of equitable tolling, the plaintiff has not pled any facts to show that he exercised due diligence in trying to discover the TILA violations. In his complaint, the plaintiff does refer to receiving information from "an expert, certified, forensic audit," but the court has no knowledge of when this document was obtained. (Docket Entry No. 1, p. 7) Without more information, the court cannot assume that the plaintiff exercised due diligence. Though it is understood that the plaintiff's pleadings must be liberally construed, the court cannot "conjure up" unpled facts to support the plaintiff's claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Therefore, the statute of limitations started to run on October 18, 2007, and it expired in October of 2008, which would have been one year after the TILA violation occurred. For these reasons, the plaintiff's TILA claims should be dismissed.

C.  Plaintiff's Rescission Claim, 15 U.S.C. § 1635

The defendants argue that the plaintiff's rescission claim under TILA is barred by the statute of limitations and the statute of repose. (Docket Entry No. 37, pp. 9-10; 59, pp. 18, 20) The defendants assert that the rescission claim has a three-day statute of limitations, which they assert runs from the date of closing to midnight of the third business day. (Docket Entry No. 37, p. 10; 59, p. 19) The defendants further assert that the statute of repose caps the time of which a plaintiff can bring a rescission claim under TILA to a three-year period. (Docket Entry No. 37, p. 10; 59, p. 20) The defendants allege that the three-year period began to run on the date of closing or at the time the property was sold, whichever occurs first. (Docket Entry No. 37, p. 11; 59, p. 20)

The defendants next argue that plaintiff's opportunity to bring his claim expired at midnight on October 23, 2007. (Docket Entry No. 37, p. 11; 59, p. 20) The defendants argue further that plaintiff has not alleged any facts to show that the three-year statute of repose should

apply in this case. (Docket Entry No. 37, p. 11; 59, p. 20) However, the defendants assert that even if the plaintiff's claim did meet the criteria for the three-year statute of repose that the plaintiff's claim would still be barred because the statute of repose began to run on October 18, 2007 and the plaintiff failed to bring his claim until August 9, 2012, which is later than the time allotted for the claim. (Docket Entry No. 37, p. 11; 59, p. 20) Under these circumstances, the defendants assert that the plaintiff cannot state any facts to support his claim. (Docket Entry No. 37, p. 11; 59, p. 20)

The plaintiff stated the following in his complaint, as it pertains to his rescission claim: "The Truth in Lending Act, 15 U.S.C. § 1601, et.seq. **extends Plaintiff's right to rescind a loan to three years from the date of closing** if the borrower received false or incomplete disclosures of either the loans terms or Borrower's right to rescind. . . ." (Docket Entry No. 1, p. 29)(emphasis added) The plaintiff did not dispute the defendants' arguments as to when the statute of limitations began to run in his response. Thus, it is deemed that the plaintiff does not oppose the defendants' arguments. *See* Rule 7.01(b), Local R. of Ct.

A party has the right to assert his right of rescission within three business days of the transaction, under TILA. *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 840 (E.D. Mich. 2010). After the three-business day period, the time period is extended to a three-year period for failure to give certain forms and disclosures (the three year period starts to run on the same day as the three-business day period). *Id.* at 840-41. This time period starts to run either after the date of consummation or upon the sale of the property in question, whichever occurs first. *Id.* at 841. The statute of repose cannot be tolled, therefore, under no circumstances may a plaintiff bring his cause of action after the statute of repose has expired. *Thielen v. GMAC Mortgage Corp.*, 671 F. Supp. 2d 947, 955 (E.D. Mich. 2009).

8

As stated above, the plaintiff did not dispute the defendants' arguments that the statute of limitations and statute of repose began to accrue on October 18, 2007, in his response or complaint. Thus, the statute of limitations and statute of repose began to accrue on that day, and the statute of limitations and repose expired on October 23, 2007 (three business days after the transaction) and in October of 2010 (three years after the consummation of the transaction). Because the plaintiff brought his claim after the allotted time periods, the plaintiff's claim is barred by both the statute of limitations and repose. For these reasons, the plaintiff's claim should be dismissed.

*D.* Plaintiff's RESPA Claims, 12 U.S.C. § 2601 *et.seq.*

The defendants argue that the plaintiff's RESPA claims are barred by the one- or three-year statute of limitations, further discussed *infra* at 10. (Docket Entry No. 37, pp. 9, 11; 59, pp. 18, 21) The defendants assert that the plaintiff never stated which claim had been violated, but the defendants argue that any claim that the plaintiff asserts under RESPA is barred by the statute of limitations. (Docket Entry No. 37, p. 11; 59, pp. 21-22) The defendants argue that under RESPA the one or three-year statute of limitations starts to accrue at the time of the occurrence of the violation which the defendants allege took place on the date of the closing, October 18, 2007. (Docket Entry No. 37, p. 12; 59, pp. 22-23) The defendants further argue that if the statute of limitations is one year then it expired in late October of 2008, but if the court finds that the statute of limitations is three years then it expired in late October of 2010. (Docket Entry No. 37, pp. 12-13; 59, p. 23) Under these circumstances, the defendants argue that the statute of limitations should not be tolled because the plaintiff has failed to allege any facts to show that he has exercised due diligence. (Docket Entry No. 37, p. 13; 59, p. 23) For these reasons, the defendants assert that the plaintiff's claim should be dismissed. (Docket Entry No. 37, 59)

The plaintiff did not address this issue in his complaint or response. Thus, it is deemed that the plaintiff does not oppose the defendants' arguments. *See* Rule 7.01(b), Local R. of Ct.

Under 12 U.S.C. § 2614, a plaintiff bringing a claim for a violation of RESPA must do so either within three years for 12 U.S.C. § 2605 or within one year for 12 U.S.C. § 2607 or 12 U.S.C. § 2608. *In re Wentz*, 393 B.R. 545, 557 (Bankr. S.D. Ohio 2008). The statute starts to run on the date of the RESPA violation, which is the date of the closing. *Ford*, 797 F. Supp. 2d at 869. If the plaintiff fails to meet the one-year or three-year period, his claim will be barred by the statute of limitations, unless equitable tolling applies. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421-22 (6th Cir. 2009). The standard for determining whether equitable tolling applies is listed at *supra* at 6. If the plaintiff is able to prove that his or her case has the unique circumstances needed to equitably toll the RESPA statute, then the statute will be tolled to the date upon which the violation was or should have been reasonably discovered. *See Willingham v. NovaStar Mortgage, Inc.,* No. 04-CV-2391, 2006 WL 6676801 at *24 (W.D. Tenn. Feb. 7, 2006).

The plaintiff's claims are barred by the one-year and three-year statute of limitations. In his complaint, the plaintiff lists October 18, 2007 as the "Closing Date." (Docket Entry No. 1, p. 5) The statutes of limitations began to run at that time, and the statutes of limitations expired in October of 2008 and October of 2010. Furthermore, this case does not present circumstances for equitable tolling. As stated above, even if the court assumed that the defendants took affirmative steps to conceal the violations and even if the court assumed all of the other factors needed for equitable tolling, the plaintiff has not stated anything in his complaint or response to show that he practiced due diligence in discovering the violation. As stated above, in paragraph 23 of his complaint, the plaintiff addresses some information that he received from "an expert, certified, forensic audit." (Docket Entry No. 1, p. 7) However, the court has no knowledge of when the

plaintiff sought or obtained this information, nor does the court have any other knowledge of the plaintiff taking affirmative steps to discover the alleged violations. As stated before, it is understood that the plaintiff's pleadings must be liberally construed, but if the evidence is not present in the pleadings, then the court cannot "conjure up" unpled facts to support the plaintiff's claim. For these reasons, the plaintiff's RESPA claims should be dismissed.

## III. CONCLUSION

For the reasons stated below, the undersigned **RECOMMENDS** that the defendants' motions to dismiss the federal claims against them (Docket Entry No. 36, 44) be **GRANTED**, that the plaintiff's federal claims be **DISMISSED WITH PREJUDICE**, and that the plaintiff's state law claims filed in federal court pursuant to 28 U.S.C. § 1367 be **DISMISSED WITHOUT PREJUDICE** in order that the plaintiff may bring his claims in the appropriate state court.

Under Rule 72(b) of the Fed. R. Civ. P., any party has **FOURTEEN (14) DAYS** from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have **FOURTEEN (14) DAYS** from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within **FOURTEEN (14) DAYS** of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this the 1st day of April, 2013.


s/Joe B. Brown_____
Joe B. Brown
U.S. Magistrate Judge